| | | |
|---|---|---|
| BRYANT M. HUNT, | ) | |
| | ) | Case No. 1:17-cv-274 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| BLEDSOE COUNTY CORRECTIONAL | ) | |
| COMPLEX ("BCCX"), | ) | |
| | ) | |
| *Defendant*. | | |

## MEMORANDUM OPINION

Before the Court is a pro se prisoner's civil rights action brought under 42 U.S.C. § 1983 by Bryant M. Hunt ("Plaintiff") against the Bledsoe County Correctional Complex ("BCCX") and Burt Boyd, the Warden of BCCX, asserting various deprivations of his civil rights.[1]  (Doc. 1)  Also pending is Plaintiff's motion to appoint counsel (Doc. 7).

For the following reasons, Plaintiff's motion to appoint counsel (Doc. 7) will be **DENIED**, no process shall issue, and this case will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## I.      Screening

### A.      Screening Standard

The Prison Litigation Reform Act ("PLRA") directs district courts to screen prisoner complaints for cognizable claims and to dismiss *sua sponte* those that are frivolous, malicious, or

---

[1]  Plaintiff initially filed his civil rights complaint in the United States District Court for the Western District of Tennessee.  That court granted Plaintiff's motion to proceed *in forma pauperis* and transferred the case here pursuant to 28 U.S.C. § 1406(a).  (Doc. 5.)

fail to state a claim on which relief may be granted, or those that seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

In screening Plaintiff's complaint, the Court recognizes that a pro se pleading filed in a civil rights case is to be held to a less stringent standard than a formal pleading drafted by a lawyer and that it is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Nevertheless, a pro se complaint still must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning that the factual content pled in the complaint must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. (citing *Twombly*, 550 U.S. at 557).

The Sixth Circuit Court of Appeals has held that the facial plausibility standard applicable to dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) as articulated in *Twombly* and *Iqbal* also "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

**B.      Plaintiff's Complaint**

Plaintiff's complaint alleges that while he was incarcerated at BCCX he "received a disciplinary" which resulted in his transfer from the BCCX Annex to BCCX Site-2, a unit also used to house "lifers & other inmates with lengthy sentences with nothing to lose" (Doc. 1, at 3). Following a hearing held nine days after the incident in question, Plaintiff was found guilty by the Disciplinary Board of an unspecified infraction and received a verbal reprimand that did not "add to" his custody level.  (*Id*.)  Plaintiff further alleges that, despite the Board having "found no grounds to punish me," Warden Boyd took it upon himself to punish Plaintiff by "put[ting] him out of the Annex for 6-months" even though he remained at a minimum custody level.  (*Id*.)

Plaintiff goes on to allege that white inmates are treated fairly at BCCX but asks "what good is policy if it doesn't apply to blacks?"  (*Id*.)  He also states that he has filed many grievances "concerning race issues, job placement and blacks have no platform to voice our mistreatment[.]" (*Id*. at 4.)  He requests a transfer to another prison, an investigation into the treatment of black inmates at BCCX and $5 million in damages.  (*Id*.)

**C.      Analysis**

In order to succeed on a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law.  *Haywood v. Drown*, 556 U.S. 729, 731 (2009); *Dominguez v. Corr. Med. Svcs.*, 555 F.3d 543, 549 (6th Cir. 2009); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Here, Plaintiff has not identified any specific constitutional bases for his § 1983 claims. Liberally construing Plaintiff's allegations and prayer for relief, the Court discerns that Plaintiff is

attempting to assert claims under the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution. However, even affording Plaintiff's complaint a liberal construction, the Court finds that he has failed to state any plausible claim for relief under § 1983.

### 1.    Due Process

Plaintiff's complaint sets forth no facts tending to show that his disciplinary transfer from the BCCX Annex to BCCX Site-2 without being re-classified from a minimum custody level deprived him of his constitutional right to due process of law.

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazetta v. McGinnis,* 430 F.3d 795, 801 (6th Cir. 2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson,* 490 U.S. 454, 460 (1989).

The Supreme Court has held that a prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Without a protected liberty interest, Plaintiff cannot successfully claim that his due process rights were violated because "[p]rocess is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Plaintiff's complaint therefore fails to state a claim for relief under § 1983. *Sandin*, 515 U.S. at 484; *see also Rimmer-Bey v. Brown,* 62 F.3d 789, 791 (6th Cir. 1995).

Moreover, the Supreme Court has also held that a prisoner has no constitutional right to be incarcerated in a particular facility or unit, or to be held in a specific security classification. *See Olim*, 461 U.S. at 245; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *see also Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004) (stating that inmates do not have "a constitutional right to a particular security level or classification"). Because Plaintiff does not have a constitutional right to a particular security level or classification, he has failed to state a due process claim under § 1983.

### 2.    Equal Protection

Plaintiff's complaint also contains conclusory allegations that white inmates at BCCX are treated fairly but that an unspecified "policy" does not apply to black inmates. (Doc. 1, at 3.) He also states, again without any factual support, that black inmates have "no platform to voice [their] mistreatment[.]" (*Id*. at 4.)

The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state an equal protection claim, a plaintiff must show that he was intentionally discriminated against based on his membership in a suspect class. *Washington v. Davis*, 426 U.S. 229, 239 (1976); *Booher v. United States Postal Service*, 843 F.2d 943, 944 (6th Cir. 1988) (stating that a plaintiff must show that he "was victimized because of some suspect classification, which is an essential element of an equal protection claim"). Also, the plaintiff must prove that he was treated differently from those who are similarly situated to him. *Id*. at 270 n.21.

While Plaintiff generally alleges that black inmates are treated unfairly, he has not pled any specific factual allegations to supporting a plausible inference of discrimination. He sets forth no specific assertions as to how he was treated differently than white inmates, mentions no specific

policy that is not applied equally to white and to black inmates, and fails to assert any factual allegations supporting his statement that black inmates have no platform to challenge any alleged mistreatment at BCCX.

Under the facial plausibility standard, a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). Without any detail of specific actions or inactions of Warden Boyd, or of any policy, custom, or practice of BCCX, that resulted in Plaintiff being treated differently based on his race, the Court finds that Plaintiff has failed to state a claim that he has been deprived of his right to equal protection, and his complaint will be dismissed.

## III.    Motion for Counsel

Appointment of counsel in a civil rights case is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Rather, it is "a privilege that is justified only by exceptional circumstances." *Id*. at 606. The appointment of counsel is not appropriate when a pro se litigant's claims are frivolous or when the chances of success are extremely slim. *Id*. (citation omitted). Here, the Court has found that Plaintiff has failed to state a claim upon which relief may be granted, and his motion to appoint counsel (Doc. 14) will therefore be **DENIED**.

## IV.    Conclusion

Based on the foregoing reasons, Plaintiff's motion to appoint counsel [Doc. 7] will be **DENIED**. In addition, Plaintiff's complaint will be **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons expressed herein, an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**AN APPROPRIATE ORDER WILL FOLLOW.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**